Case 4:19-cv-03790   Document 1-1   Filed on 10/02/19 in TXSD   Page 1 of 13

8/23/2019 10:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36220868
By: Miaeda Hutchinson
Filed: 8/23/2019 10:48 AM

**2019-59032 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| PRABHU CORPORATION | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON , | § § § § § | _____ JUDICIAL DISTRICT |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL PETITION

### SUMMARY

Plaintiff Prabhu Corporation (sometimes hereinafter, "Plaintiff") insured its property at 2536 North Freeway, Houston, TX 77009 (the "Property") with Defendant Certain Underwriters at Lloyds of London ("Defendant" or "Lloyds") policy no. QUA30000446-00 (the "Policy"). Plaintiff's Property was severely damaged by extreme wind and rain in connection with Hurricane Harvey, and Plaintiff gave notice within the requisite policy period and fulfilled all conditions precedent for asserting a claim. Defendant conducted an inadequate investigation and denied coverage, thereby committing several violations of the Texas Insurance Code.

### DISCOVERY LEVEL

1. Plaintiff has elected to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

3. Defendant Certain Underwriters at Lloyd's of London ("Defendant" or "Lloyd's") is an association of insurance underwriters with its principal place in London, United Kingdom that, at

**EXHIBIT A**

all times material to this action, has engaged in the business of insurance in Texas, as defined by the Texas Insurance Code. It may be served with process by certified mail, return receipt requested on its authorized agent, Mendes and Mounts, LLP, 750 Seventh Avenue, New York, New York 10019-6829.

## AGENCY AND RESPONDEAT SUPERIOR

4. Whenever it is alleged in this petition that Defendant or or their agents committed any act, omission or thing, it is meant that each of these Defendants or their agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

5. Such acts, omissions or things were also done with the full authorization or ratification of these Defendant, or done in the normal routine, course, and scope of the agency or employment of each of their agents, adjusters, claims managers, section managers, officers, servants, employees or representatives.

6. Defendant and anyone acting on its behalf, each individually and collectively, are therefore each legally responsible and liable for their own acts and omissions as well as those of one another.

## CONDITIONS PRECEDENT

7. All conditions precedent to Plaintiff's right to recover and to Defendant's liability have occurred and/or have been performed.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court, because the amount of damages sought is within the jurisdictional limits of this Court.

9. The Court has jurisdiction over Defendant because it is a foreign insurance company that engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of Defendant's business activities in Texas. Specifically, Defendant sought out and marketed insurance

EXHIBIT A

in Texas and has "purposefully availed" itself of the privilege of conducting business activities in Texas.

10. Venue is proper as to all Defendants in Harris County because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. Venue is mandatory in Harris County because the claim involves damage to real property and the property is located in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.

## FACTUAL BACKGROUND

11. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

12. Plaintiff owns the real property with improvements at 2536 North Freeway, Houston, TX 77009 (the "Property"). The Property was insured by the Policy when Hurricane Harvey struck the Houston, Texas, area on or around August 26, 2017. The extreme winds and rain associated with the hurricane caused extensive damage to numerous parts of the Property, including its roof, signage, and fencing. The damage also caused several thousand dollars in lost business income.

13. After the storm, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). Defendant denied the claim, blaming Plaintiff's damages on such non-covered causes as "earth movement" and "wear and tear."

14. Upon information and belief, Defendants conducted a sham investigation intended to bolster the conclusion that they had reached ahead of time – that the substantial damages to the Property were caused by something – anything – other than a covered cause.

15. By denying the claim, when Texas law and its Policy obligate Defendant to cover all the damages, Defendant has failed and/or refused to honor the Claim. During the pendency of this

EXHIBIT A

Claim, Defendant has misrepresented the Policy, the Policy coverages, the facts underlying the Claim, and the actions it was purportedly taking to comply with its obligations under the Policy and under law. Upon information and belief, Defendant's actions were conducted with malice, as that term is defined under Texas law.

16. For these reasons, and as set forth more specifically herein, the Plaintiffs bring suit against the Defendants.

## CAUSES OF ACTION

### UNFAIR SETTLEMENT PRACTICES
### (TEX. INS. CODE. § 541.060, et seq.)

17. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

18. Defendants engaged in Unfair Settlement Practices, as defined by the Texas Insurance Code, by:

1. Misrepresenting material facts or policy provisions relating to the coverage at issue;

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear;

3. Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for Defendant's denial of the Claim or offer of a compromise settlement of the Claim;

4. Failing within a reasonable time to affirm or deny coverage of the Claim or to submit a reservation of rights; and/or

5. Refusing to pay the Claim without conducting a reasonable investigation with respect to the Claim;

19. The foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages. Plaintiff is entitled to all actual damages, plus court costs and her reasonable attorney's fees. TEX. INS. CODE § 541.152(a). Because the unfair settlement practices were committed knowingly, Plaintiff is entitled to recover additional

–4–

EXHIBIT A

statutory damages in an amount not to exceed three times the amount of actual damages.  TEX. INS. CODE § 541.152(b).

## PROMPT PAYMENT OF CLAIMS
### (TEX. INS. CODE. § 542.055, *et seq*.)

20. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

21. The delay in payment to Plaintiff violated TEXAS INSURANCE CODE § 542.055, *et seq*., thus triggering liability on Defendant part to pay the amount of the Claim, plus damages consisting of eighteen percent (18%) per annum of the amount of the Claim, along with prejudgment interest and reasonable attorneys' fees.

## TEXAS DECEPTIVE TRADE PRACTICES ACT
### (TEX. BUS. & COM. CODE § 17.41, *et seq*.)

22. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

23. Defendant violated the Texas Deceptive Trade Practices Act (the "DTPA") by engaging in "false, misleading or deceptive acts and practices." Plaintiff is a "consumer" in that it acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

24. Defendants committed numerous violations of the DTPA, including, *inter alia*, the following:

1. Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

2. Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which is prohibited by law;

EXHIBIT A

3. Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

4. Generally engaged in unconscionable courses of action while handling the Claim; and/or

5. Violated the provisions of the Texas Insurance Code described herein.

25. Although Defendant cited four separate sections of its Policy in its denial, it did not explain how any of those sections justified denying payment of the Claim. Texas law holds an insurer liable for "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim." TEX. INS. CODE §541.060(a)(3) (emphasis added). By "referring" to multiple Policy sections without explaining how those sections related to the facts to justify denying each part of the Claim, Defendant violated its legal obligation to promptly provide a reasonable explanation for denying the Claim.

26. Second, Defendant's denial misrepresented the provisions of its own Policy. In its denial, Defendant claimed that the Policy excludes damage from "water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump, or related equipment." Denial Letter, p. 4 (quoting "Water Exclusion Endorsement," CP 10 32 08 08, ¶B.3.) This contradicts another section of the Policy stating that "[Lloyd's] will pay for direct physical loss or damage. . . caused by or resulting from 1. water or waterborne material which backs up through or overflows or is otherwise discharged from a sewer or drain." "Water Back-Up and Sump Overflow," OU 04 53 06 16, p. 1 ¶A.1. Furthermore, the Policy explicitly included $25,000 in "Water Backup" coverage, and $5,000 in "Water Backup" coverage under the "Orchid Premier Endorsement." "Additional Coverages," CP 79 01 06 16. Texas law prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." TEX. INS. CODE §541.060(a)(1).

EXHIBIT A

In the context of insurance, this "misrepresentation" includes:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; [and/or]

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

TEX. INS. CODE §541.061(1)–(3).

27. Defendant's statement that the Policy excluded sewage discharge was both "an untrue statement of material fact," and made "in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact." Defendant also failed to state a material fact – that the Water Back-Up and Sump Overflow section modified the Water Exclusion Endorsement – necessary to make its denial not misleading. Thus, Defendant misrepresented the Policy's coverage provisions and violated Texas law.

28. Third, Defendant failed to conduct a reasonable investigation into Plaintiff's roofing, signage or fencing damage before denying the Claim. Since Defendant "acknowledged [my client's] concern that the insured building may have suffered . . . . wind damage to soffit and fascia," Defendant was aware that Hurricane Harvey might have damaged the Property's rooftop. See Denial Letter, p. 1. Defendant also knew or should have known that its Policy included $15,000 in coverage for outdoor signage. "Additional Coverages," CP 79 01 06 16. However, Defendant's expert only checked the roof sections above two units to check for leakage, and did not examine the Property's fencing or signage. See Walker Eng'g, "Report of Findings," 27–29 (providing partial photographs of roof, none of signs or fencing) (hereinafter "Walker Report"). Texas law bars an insurer from "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE §541.060(a)(7). Because Defendant failed to conduct a

EXHIBIT A

reasonable investigation into the Property's potential rooftop, fencing, and signage damage, its blanket denial of the Claim violated Texas law.

29. Fourth, Defendant failed to attempt in good faith to settle Plainitff's claim for business income losses. In denying that its Policy covered Plaintiff's lost business income, Lloyd's cited a Policy provision stating that "[t]he loss or damage [to Business Income] must be caused by or result from a Covered Cause of Loss." Denial Letter (quoting "Business Income and Extra Expense Coverage Form," CP 00 30 06 07, p. 1). This statement implies that Defendant views Plaintiff's lost business income as resulting from foundational damage allegedly not covered by the Policy. See Denial Report, p. 4–5. However, Defendant's own expert stated that "the break in the sewer line under unit 114 would not cause sewage to backup into units 107 through 111," so that foundational damage could not cause Plaintiff to lose business income from those units. Denial Letter, p. 2 (quoting Walker Report, p. 3). Defendant's obligation to pay the Water Backup portion of the Claim was clear. Texas law prohibits insurers from "failing to attempt in good faith to [settle] . . . . a claim under one portion of a policy [where] the insurer's liability has become reasonably clear to influence the claimant to settle another [portion of the] claim." TEX. INS. CODE §541.060(a)(2)(b). Defendant's blanket denial of the entire Claim violated Texas law, as Lloyd's refused to attempt in good faith to settle the portions of the Claim where its liability was reasonably clear, to influence Plaintiff to settle or abandon the entire Claim.

30. By refusing to pay any of Plaintiff's damages, when both Texas law and Defendant's own Policy obligate Defendant to cover those damages, Defendant has refused to honor the Claim. During the pendency of this Claim, Defendant has misrepresented the Policy, the Policy coverages, the facts underlying the Claim, and the actions it was purportedly taking to comply with its legal and Policy obligations. Upon information and belief, Defendant's actions

EXHIBIT A

were conducted with malice, as that term is defined under Texas law. Defendant's refusal to fulfill its obligations violated both its Policy and several Texas statutes.

31. Defendant took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of Defendant's violations of the DTPA, Plaintiff suffered and is entitled to recover her actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to additional damages in an amount up to three times her damages for economic relief. TEX. BUS. & COM. CODE § 17.50(b). Under the DTPA, Plaintiff is also entitled to an award of its reasonable attorney's fees and costs. TEX. BUS. & COM. CODE § 17.50(d).

## COMMON-LAW BAD FAITH

32. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

33. Defendant breached their common-law duty of good faith and fair dealing by denying payment when its liability was reasonably clear. Furthermore, upon information and belief, Defendant's "investigation" of the claim was in fact a pretext for the denying the overwhelming majority of the claim. Defendants' breach of duty proximately caused Plaintiff's damages. Plaintiff is entitled to its actual damages and costs, and because Defendant's conduct was fraudulent, malicious, intentional, or grossly negligent, Plaintiff is also entitled to an award of exemplary damages. *See, e.g., Universe Life Ins. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997). The amount of the award will be up to the

EXHIBIT A

jury, in an amount not to exceed three times Plaintiff's actual damages.

## BREACH OF CONTRACT
## (TEX. CIV. PRAC. & REM., CODE § 38.001, *et seq.*)

34. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

35. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §38.001, *et seq.*, Defendant is liable for Plaintiff's reasonable attorneys' fees due to Defendant breach of contract. Such payment would be paid in addition to the amount of a valid claim for contractual benefits and costs.

## DECLARATORY JUDGMENT

36. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

37. Plaintiff pleads for herein and seek declaratory judgment on the insurance policy issued and maintained by the Defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004. Plaintiff seeks judgment on such insurance policy declaring that Defendant is liable for the claims submitted by the Plaintiff. For these reasons, Plaintiff seeks declaratory judgment from this Court.

## DAMAGES AND NON-MONETARY RELIEF

38. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

39. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff pleads that the

**EXHIBIT A**

damages sought are within the jurisdictional limits of this Court.

40. Including actual damages, exemplary and/or statutory damages, mental anguish damages, costs and attorney's fees, Plaintiff pleads that it seeks monetary relief over $200,000 but not more than $1,000,000 and non-monetary relief. Accordingly, this matter is not subject to Rule 169 of the Texas Rules of Civil Procedure.

41. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

42. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

43. Defendant's bad-faith acts and/or omissions have resulted in economic damages to Plaintiff. In committing such acts and/or omissions, Defendant acted with malice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (Vernon's Supp. 20011); TEX. INS. CODE ANN. § 541.002(1) (Vernon's 2011). There is clear and convincing evidence of such malice. *See id.*

44. Plaintiff therefore seeks and is entitled to an award of exemplary damages against all Defendants to the fullest extent of the law.

## ATTORNEY'S FEES

45. Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

46. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §38.001, TEXAS INSURANCE CODE §542.060, TEXAS BUSINESS & COMMERCE CODE § 17.50(d), and any and all other statutes and laws providing for recovery of such costs and fees, Plaintiff is entitled to recover all costs, expenses, and reasonable attorney's fees, as allowed under law. Plaintiff respectfully seeks such recovery herein.

EXHIBIT A

**JURY DEMAND**

47. Plaintiff demands a trial by jury and hereby tenders the appropriate fee to the clerk of the Court.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that, upon final trial and hearing hereof:

a. Judgment be entered against the Defendant to recover actual economic damages;

b. Judgment be entered against Defendant for appropriate additional statutory damages and/or exemplary damages;

c. Judgment be entered against Defendant for attorney's fees, costs and expenses incurred by Plaintiff through all appeals;

d. Judgment be entered against Defendant for damages under Texas Insurance Code § 542.055, et seq.;

e. Pre-judgment and post-judgment interest be awarded to the Plaintiff at the maximum rate permitted by law;

f. Costs of suit be awarded to the Plaintiff; and

g. Any and all such other and further relief to which the Plaintiff may be justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT A

Respectfully submitted,

MURR YANOCHIK, PLLC

By: _____/s/ Michael J. Yanochik_____
Michael J. Yanochik
State Bar No. 00785294
my@my-lawyers.com
4101 Washington Ave.
Houston, Texas  77007
Telephone:  (713) 966-6142
Facsimile:  (713) 588-2412

**ATTORNEYS FOR PLAINTIFF**

–13–

EXHIBIT A